IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**

v.

**JOSEPH DOUGLAS NETH,**

Defendant.

No. 3:14-cr-00209-MO

AMENDED OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Defendant Joseph Douglas Neth's Motion to Reduce Sentence [ECF 69]. Neth moves the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Also before me is Neth's Motion to Appoint Counsel [ECF 68]. The Government responded [ECF 79], and Neth filed a Response to the Government's Objections [ECF 85]. Oral Argument on Neth's Motions was held on August 11, 2022. For the following reasons, I DENY both motions.

### DISCUSSION

**I.  Motion to Appoint Counsel**

For the reasons stated on the record at Oral Argument, I do not find that Neth has met the standard required for the appointment of counsel.

1 – OPINION AND ORDER

**II.     Motion to Reduce Sentence**

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). A defendant must exhaust administrative remedies before moving the court for compassionate release. *Id.* § 3582(c)(1)(A). Neth provides no indication that he has exhausted his administrative remedies as required by statute, but the Government does not raise the issue. *See* Gov't Resp. [ECF 79]. Thus, I consider that argument waived. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (holding the administrative exhaustion requirement is non-jurisdictional and may be waived).

Neth gives reasons for a reduction in sentencing. Mot. to Reduce Sentence [ECF 69] at 2–3. Two of these reasons are moot. First, he argues that he has not had access to a dentist. *Id.* at 2. However, since filing his motion, Neth has been seen by a dentist. Gov't Exs. [ECF 82] Ex. 1 at 9. Second, he alleges that education courses he has taken previously are not counting toward his early release credits under the First Step Act. Mot. to Reduce Sentence [ECF 69] at 2. As noted by the Government, Neth is ineligible for these credits. Gov't Resp. [ECF 79] at 5; *see also* Gov't Ex. 1 [ECF 82] at 73. Thus, these points are moot.

Next, Neth protests the lengthy period he has been without seeing an optometrist. Mot. to Reduce Sentence [ECF 69] at 2. Neth is on the waiting list for an optometry visit, but there is a lengthy backlog due to COVID-19. Mot. to Reduce Sentence [ECF 69] Ex. 5. Neth asked for the eye exam so he could receive new glasses but does not allege conditions that would require urgent

medical attention. *Id.* He does not even claim that there is a problem with his current glasses—he just says that he would like a new pair. *Id.*; Mot. to Reduce Sentence [ECF 69] at 2. A delay for a routine eye exam does not constitute an extraordinary and compelling circumstance warranting a sentence reduction.

Neth also raises complaints about the lockdown conditions enforced by the prison due to the COVID-19 pandemic. Mot. to Reduce Sentence [ECF 69] at 2. Neth does not allege a fear of contracting the virus, but rather that lockdown conditions have "brought a completely different meaning to [a]nxiety." *Id.* It is on record that Neth began receiving care for mental health in 2016. Mot. to Reduce Sentence [ECF 69] Ex. 1 at 1. However, there is nothing in the record to suggest Neth's mental health has deteriorated since the pandemic began. Moreover, Neth's detailed medical records suggest that he has received adequate health care while incarcerated. *See* Gov't Ex. 1 [ECF 82] at 1–69.

I recognize the difficulties and hardships that come with being in prison during these unprecedented times. However, "a motion for compassionate release looks not at the generalized impacts on the movant and others but to the specific effects on him that, in combination, make his circumstances extraordinary and compelling." *United States v. Villarreal*, No. 8-cr-1332-JAH-1, 2022 WL 874965, at *4 (S.D. Cal. Mar. 24, 2022). Neth has failed to show how his specific circumstances rise to the level of extraordinary and compelling. *United States v. Soares*, No. 6:18-CR-00151-MC, 2022 WL 326091 (D. Or. Feb. 3, 2022) ("The strain placed on prison services and resources by COVID-19 . . . does not warrant the complete or early release of every inmate who feels the effects of the pandemic on day-to-day prison life.").

Because I find that Neth has not met the threshold requirement to show a compelling and extraordinary circumstance, I need not consider § 3553(a) sentencing factors. *United States v.*

3 – OPINION AND ORDER

*Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ( "a district court that properly denies compassionate release need not evaluate each step" of § 3582(c)) (emphasis omitted).

## CONCLUSION

For the foregoing reasons, I DENY Defendant Joseph Neth's Renewed Motion to Reduce Sentence [ECF 69] and Motion to Appoint Counsel [ECF 68].

IT IS SO ORDERED.

DATED this 11 day of August, 2022.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION AND ORDER